# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RANDY DEWAYNE PITTMAN**                                                    **PLAINTIFF**

**v.**                                                               **CIVIL NO. 1:22-cv-00283-HSO-BWR**

**CITY OF WAVELAND, MISSISSIPPI, et al.**                      **DEFENDANTS**

## ORDER OF DISMISSAL

BEFORE THE COURT are pro se Plaintiff Randy Dewayne Pittman's Complaint [2] and Response [19], challenging the issuance of a bench warrant under 42 U.S.C. § 1983. Pittman is a prisoner currently incarcerated with the Federal Bureau of Prisons and is housed at the Federal Correctional Institution in Edgefield, South Carolina. *See* Resp. [19] at 1; Resp. [19-1]. Pittman names the City of Waveland, Mississippi ("the City"), and Municipal Court Judge John Doe as Defendants, Compl. [2] at 2, and he is proceeding *in forma pauperis*, Order [9]. For the following reasons, the Court finds that this case should be dismissed with prejudice for failure to state a claim.

## I. BACKGROUND

On September 16, 2022, Pittman and Rachel Powell filed this Complaint jointly. *Pittman, et al. v. City of Waveland, Miss., et al.*, No. 1:22-cv-00251-LG-BWR (S.D. Miss. Sept. 16, 2022) (Doc. 1 at 1-2). On October 17, 2022, the Court severed the original civil action "into two individual actions, one for each named Plaintiff." Order [1] at 3. This civil action is designated for Plaintiff Pittman. *See id.* Powell's case was dismissed without prejudice for her failure to prosecute and obey Court

orders. *Powell v. City of Waveland, Miss., et al.*, No. 1:22-cv-00284-HSO-BWR (S.D. Miss. Jan. 18, 2023) (Docs. 9-10).

According to a Release Report attached to his Complaint, Pittman was charged with shoplifting in Waveland on March 12, 2021. Compl. [2-1] at 2. He bonded out after almost seven hours in jail. *Id.* On April 22, 2022, Municipal Court Judge Preston J. Mauffray[1] signed a bench warrant for Pittman's arrest to answer a contempt-of-court charge under Mississippi Code § 21-23-7(11). *Id.* at 3. Pittman says that the warrant stemmed from his "failure to appear in Court." Resp. [19] at 4.

Pittman avers that the judge "issued [the] warrant outside the Court's jurisdiction" to deprive Pittman of his liberty interests. Compl. [2] at 4. According to Pittman, "[t]he municipal court allegedly sent a text message" to an unknown party on April 22, 2022. *Id.* at 5. The unknown party sent an obscene response to the automated number, "and a warrant for contempt followed." *Id.* Pittman does not admit sending the obscene response, but the bench warrant and the transcript of the text messages is attached to his Complaint. Compl. [2-1] at 3-4.

Pittman invokes the Interstate Agreement on Detainers ("IADA"), and asks this Court to require Defendants (1) to transport Pittman to Mississippi and prosecute the contempt case or (2) to dismiss the contempt case against him. Compl. [1] at 5; Resp. [19] at 2. Pittman alleges that his "pending case" in Waveland "is prohibiting him from participating in rehabilitative programs in federal prison."

---

[1] Pittman claims that "Judge John Doe's true identity is unknown" to him. Resp. [19] at 3. But Judge Mauffray signed the bench warrant that is attached to Pittman's Complaint. Compl. [2-1] at 3. Because Pittman has not formally identified Judge Mauffray as Judge John Doe, the Court will call this Defendant "Judge John Doe" throughout.

Resp. [19] at 1-2.  He believes the IADA "requires . . . Defendants to prosecute any outstanding charges so [he] can participate in programs." *Id*. at 2.  He also requests "maximum damages" in the amount of $1,000,000.00.  Compl. [1] at 5.

## II. DISCUSSION

A.  The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.  The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*.  So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading,"

3

*Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action sua sponte. Because the Court has permitted Pittman to proceed *in forma pauperis*, Order [9], this case is subject to the provisions allowing for sua sponte dismissal under § 1915(e)(2)(B).

B.     Interstate Agreement on Detainers Act

"The IADA is a congressionally sanctioned compact which the United States, 48 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands have adopted." *Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993). "The purpose of the IADA is to provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction." *Id.* "In the absence of the IADA, 'a jurisdiction [can] file a detainer on a prisoner and refuse to prosecute its case until the prisoner's release from incarceration in the first jurisdiction.'" *Leonard v. Miss.*, No. 5:10-cv-00037-DCB-MTP, 2011 WL 796740, at *2 (S.D. Miss. Mar. 1, 2011) (quoting *Birdwell*, 983 F.2d at 1335)).

Unfortunately for Pittman, "Mississippi is not a party to the [Interstate Agreement on Detainers]." *Hopson v. State*, 300 So. 3d 1063, 1067 (Miss. Ct. App. 2020); *see also Morea v. Guittierrez*, No. 3:11-cv-00411-DPJ-FKB, 2011 WL 6781016, at *3 (S.D. Miss. Dec. 27, 2011) (finding that a "claim based on the state's alleged violation of the Interstate Agreement on Detainers lacks merit because the State of Mississippi is not a member [of] the agreement"). Because Mississippi is not a party to the agreement, the IADA is inapplicable to this case. *Gomez v. Falk*, No. 1:14-cv-00193-HSO-RHW, 2014 WL 1908503, at *1 (S.D. Miss. May 13, 2014).

C.      Claims against Defendant City of Waveland, Mississippi

Pittman's claims against the City must be dismissed for an alternative reason. Governmental entities like the City are "responsible only for [their] own illegal acts" but are "not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quotation and emphasis omitted). That is, the City is not liable under § 1983 based on supervisory liability or a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Municipal liability inures only when the execution of a local government's policy or custom causes the injury." *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

"Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). A "policy or custom" can be either:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Felter v. Brown*, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th

Cir. 2009)). To advance beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Pittman has failed to allege sufficient facts to maintain this action against the City. When asked "which policy, practice, or custom of the City of Waveland, Mississippi, is responsible for causing a violation of [his] constitutional rights," Order [11] at 2, Pittman averred that "[t]he City of Waveland issued a warrant with no bail after Pittman was incarcerated and has failed to execute the warrant," Resp. [19] at 2. At no point does Pittman allege that the City has an official policy or well-settled custom of issuing arrest warrants without following through on them. His allegations merely represent what he says happened to him in one instance.

That is, Pittman has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force" behind the alleged constitutional violations. *See Ducksworth*, 2015 WL 737574, at *2. His pleadings thus fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." *See id.* (quotations and alterations omitted); *see also Lang v. Forrest Cnty. Adult Detention Ctr.*, No. 2:21-cv-000821-HSO-JCG, 2021 WL 4432824, at *2 (S.D. Miss. Sept. 27, 2021) (dismissing claims against Forrest County because the plaintiff failed to allege the existence of an official policy,

practice, or custom). Pittman's claims against the City will be dismissed with prejudice for failure to state a claim.

D. <u>Claims against Defendant Judge John Doe</u>

Pittman's claims against Judge John Doe are also subject to dismissal for an alternative reason. "As a general matter, judicial immunity protects a judge from liability for acts or omissions done in the exercise of his judicial function or capacity within the limits of his jurisdiction." *Lang v. City of Gulfport*, No. 1:13-cv-00012-LG-JMR, 2013 WL 3095058, at *2 (S.D. Miss. June 18, 2013). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted).

"The doctrine of judicial immunity can be overcome under two sets of circumstances: (i) nonjudicial actions, which are actions not taken in the judge's judicial capacity and (ii) actions taken in the complete absence of all jurisdiction, even though they are judicial in nature." *Lang*, 2013 WL 3095058, at *2 (citing

7

*Ballard*, 413 F.3d at 515). Pittman's allegations against Judge John Doe satisfy neither exception.

"A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quotation and alterations omitted). Issuing an arrest warrant is a normal judicial function. *Moreno v. Pittman*, No. 2:10-cv-00161-KS-MTP, 2011 WL 167571, at *2 (S.D. Miss. Jan. 19, 2011). Pittman does not argue otherwise, nor does he complain that Judge John Doe acted outside his judicial capacity. Instead, Pittman argues that Judge John Doe lacked jurisdiction to issue the warrant because Pittman "was in law enforcement custody when the warrant was issued," and he was never formally arrested pursuant to the charge stated therein. Resp. [19] at 3; *see also* Compl. [2] at 4. But Mississippi law authorizes municipal court judges to issue arrest warrants. MISS. CODE ANN. § 21-23-7(3) ("The municipal judge may . . . issue . . . warrants for search and arrest upon a finding of probable cause."). And Pittman cites no authority for the proposition that him already being in custody somehow divests the municipal court from its authority to issue arrest warrants on unrelated charges. Pittman's claims against Judge John Doe must be dismissed with prejudice.

### III. CONCLUSION

Having thoroughly reviewed and liberally construed Pittman's Complaint [2] and Response [19], the Court finds that this civil action should be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

8

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff Randy Dewayne Pittman is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of February, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE